AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with Snapchat accounts aulichoo
and zuza2988 (as they were assigned in October 2019)
stored at premises controlled by Snap Inc.

)
)
)
)
)
)

Case No. 22-ml-897

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference

located in the _____ Central _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| See Attached Affidavit in Support of Search Warrant | |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____/s/ Dayne Henriques_____
*Applicant's signature*

_____Dayne Henriques, FBI, Supervisory Special Agent_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*.

Date: _____ 08/11/2022 _____

_____
*Judge's signature*

City and state: _____ Washington, D.C. _____       _____Robert B. Collings, United States Magistrate Judge_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Information associated with Snapchat accounts<br>aulichoo and zuza2988 (as they were assigned in<br>October 2019) stored at premises controlled by Snap<br>Inc. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  22-ml-897 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Central_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference

**YOU ARE COMMANDED** to execute this warrant on or before _____August 25, 2022_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Robert B. Collings, United States Magistrate Judge .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____

City and state:      Washington, D.C.          Robert B. Collings, United States Magistrate Judge
                                                *Judge's signature*

                                                *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  22-ml-897 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**
**Property to be Searched**

      This warrant applies to information that is associated with the Snapchat accounts identified by aulichoo and zuza2988 (as they were assigned in October 2019) and is stored at premises owned, maintained, controlled, or operated by Snap Inc., a company that accepts service of legal process at 2772 Donald Douglas Loop North, Santa Monica, California.

**ATTACHMENT B**

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

I.      **Information to be disclosed by Snap Inc. ("PROVIDER") to facilitate execution
        of the warrant**

   To the extent that the information described in Attachment A is within the possession,

custody, or control of PROVIDER, regardless of whether such information is located within or

outside of the United States, including any messages, records, files, logs, or other information

that have been deleted but are still available to PROVIDER, or have been preserved pursuant to a

request made under 18 U.S.C. § 2703(f), PROVIDER is required to disclose the following

information to the government for each account or identifier listed in Attachment A (the

"Account"):

   a. For the time period from September 21, 2019 to and including October 9, 2019:  The

     contents of any available messages or other communication associated with the

     Account (including, but not limited to snaps, screenshot notifications, chats, videos,

     Stories, Memories, attachments, draft messages, posts, "friend" requests, recordings,

     images, or communications of any kind sent to and from the Account, including

     stored or preserved copies thereof), and related transactional records for all

     PROVIDER services used by an Account user, including the source and destination

     addresses and all Internet Protocol ("IP") addresses associated with each

     communication, the date and time at which each message or other communication

     was sent, and the size and length of each message or other communication;

b.  For the time period from September 21, 2019 to and including October 9, 2019:  All photographs and videos uploaded by the Account, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photographs and videos;

c.  Basic subscriber records and login history, including all records or other information regarding the identification of the Account, to include full name, physical address, telephone numbers, birthdate, security questions and responses, and other personal identifying information, records of session times and durations, the date on which the Account was created, the length of service, types of services utilized by the Account, the IP address used to register the Account, login IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.  For the time period from September 21, 2019 to and including October 9, 2019:  All records or other information related to the Account, including address books, contact and "friend" lists; profile information; subscriptions; location settings; and privacy settings;

e.  For the time period from September 21, 2019 to and including October 9, 2019:  All records or other information pertaining to communications between PROVIDER and any person regarding the Account, including contacts with support services and records of actions taken;

f.  All records or other information pertaining to devices associated with the Account and software used to create and access the Account, including device serial numbers, instrument numbers, model types/numbers, International Mobile Equipment Identities

2

("IMEI"), Mobile Equipment Identifiers ("MEID"), Global Unique Identifiers ("GUID"), Electronic Serial Numbers ("ESN"), Android Device IDs, phone numbers, Media Access Control ("MAC") addresses, operating system information, browser information, mobile network information, information regarding cookies and similar technologies, and any other unique identifiers that would assist in identifying any such device(s); and

g.   Information about any complaint, alert, or other indication of malware, fraud, or terms of service violation related to the Account or associated user(s), including any memoranda, correspondence, investigation files, or records of meetings or discussions about the Account or associated user(s) (but not including confidential communications with legal counsel).

Within 14 days of the service of this warrant, PROVIDER shall deliver the information set forth above via United States mail or courier to:  Supervisory Special Agent Corina Zapata, Federal Bureau of Investigation, J. Edgar Hoover Building, MLAT Unit, Room 7848, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001, or via e-mail to HQ_ISP_MLAT_Returns@FBI.gov.

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of the criminal laws of Poland, specifically Article 197(1) of the Polish Criminal Code, regarding rape, including, for each Account, information pertaining to the following matters:

(a)   Information that constitutes evidence of the identification or location of the user(s) of the Account;

(b)   Information that constitutes evidence concerning persons who communicated with the Account about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c)   Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(d)   Information that constitutes evidence concerning how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

(e)   Information that constitutes evidence of communications exchanged between the defendant and the victim before and after the alleged rape;

(f)   Information that constitutes evidence of the defendant or victim discussing the defendant and victim's relationship and/or the alleged rape with others;

(g)   Information that constitutes evidence of the circumstances of the alleged rape, including the events leading up to and after the alleged rape; and

4

(h) Information that constitutes evidence of concealment or an effort to conceal

information related to any of the above.

**III.    Government procedures for warrant execution**

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States and shared with appropriate foreign authorities.

Law enforcement personnel will then seal any information from PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH TWO ACCOUNTS STORED AT PREMISES CONTROLLED BY SNAP INC. PURSUANT TO 18 U.S.C. 2703 AND 3512 | ML No. 22-ml-897 <br><br> <u>Filed Under Seal</u> |

*Reference:  DOJ Ref. # CRM-182-78469; Subject Accounts: aulichoo and zuza2988 (as they were assigned in October 2019)*

**AFFIDAVIT IN SUPPORT OF**
**<u>AN APPLICATION FOR A SEARCH WARRANT</u>**

I, Dayne C. Henriques, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.      I make this affidavit in support of an application for a search warrant for information which is associated with two accounts – that is, aulichoo and zuza2988 – which is stored at premises controlled by Snap Inc. ("PROVIDER"), an electronic communications services provider and/or remote computing services provider which accepts service of process at 2772 Donald Douglas Loop North, Santa Monica, California.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and 3512(a), to require PROVIDER to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.

2.     The information requested in this search warrant is being sought pursuant to a request for assistance ("Request") from the National Prosecutor's Office in Warsaw, Poland, transmitted to Washington, D.C.  Authorities in Poland are prosecuting M.A. (the "defendant") for rape, which occurred on October 6, 2019, in violation of the criminal law of Poland, specifically, Article 197(1) of the Criminal Code of Poland.  A copy of the applicable laws is appended to this affidavit.  This Request is made pursuant to the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement").  Under the Agreement, the United States is obligated to render assistance in response to the request.

3.     I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since 2009.  I am currently assigned to the International Operations Division, Mutual Legal Assistance Treaty Unit, in Washington, D.C.  My current duties include responding to requests from foreign governments pursuant to mutual legal assistance treaties, including serving as the affiant on search warrant affidavits, serving search warrants, and reviewing the data received in response thereto for relevance in compliance with the parameters of the search warrants.  During my employment with the FBI, I have conducted investigations related to numerous criminal and counterterrorism investigations.  I have experience in the execution of search warrants and the analysis of collected evidence.  Additionally, I have received training in the operation of computers and the collection and handling of digital evidence.

4.     The facts set forth in this affidavit are based upon information conveyed to the United States via a request made pursuant to the Agreement by authorities in Poland and upon my training and experience.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant.  It does not set forth all of my knowledge, or the knowledge of others, about this matter.

5.     Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of the criminal laws of Poland have been committed by M.A.  There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## JURISDICTION

6.     Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Agreement Article 5(1) (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512 . . . ."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"), § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

7.     This application to execute Poland's request has been approved and duly authorized by an appropriate official of the Department of Justice, through the Criminal

Division, Office of International Affairs ("OIA").[1]  *See* 18 U.S.C. § 3512(a).  An OIA attorney

has authorized the undersigned to file this application.

**PROBABLE CAUSE**

8.     According to authorities in Poland, on October 6, 2019, a female residing in

Nowogard, Poland (the "victim") was allegedly raped by the defendant in her apartment.

Specifically, based on the victim's statements to Polish authorities, the defendant allegedly

pushed the victim onto a pillow, held her hands by her wrists, took off her tights and underwear,

and had vaginal intercourse with her against her will.  The victim reported the rape to Polish

authorities the same day.

9.     The defendant was arrested on or about October 8, 2019, at which point he was

barred from contacting the victim.  The defendant admitted to coming to the victim's apartment

on October 6, 2019 and admitted to having sexual intercourse with the victim twice.  However,

the defendant claims that the sexual intercourse was consensual.

10.     The defendant further claims that he communicated with the victim via Snapchat

for approximately two weeks prior to October 6, 2019.  The defendant claims that in their

Snapchat communications during those two weeks the victim proposed sexual activities, and on

October 6, 2019, they also communicated in order to arrange the meeting.  Based on information

obtained from both the defendant and the victim, the defendant used the Snapchat username

aulichoo and the victim used the Snapchat username zuza2988 to communicate with each other.

---

[1]  The Attorney General, through regulations and Department of Justice directives, has delegated to the
Office of International Affairs the authority to serve as the "Central Authority" under treaties and
executive agreements between the United States and other countries pertaining to mutual assistance in
criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and
81C (2018).

## BACKGROUND CONCERNING PROVIDER'S ACCOUNTS

11.     PROVIDER is the provider of the internet-based accounts identified by aulichoo and zuza2988 (as they were assigned in October 2019).

12.     PROVIDER owns and operates a free access social networking website that can be accessed at http://www.snapchat.com.  Snapchat is a mobile device application with which users can take photographs, record short videos, add text and drawings to such photographs or videos, and send these contents to a selected list of recipients.  Photographs and videos sent over the application are known as "snaps."  PROVIDER also enables users to communicate by text in a way similar to an instant-messaging application via chat and video chat features.  Snapchat is one of the most popular applications for sending and receiving "self-destructing" messages, pictures, and videos.

13.     Users can set a time limit on their snaps that affect how long they may be viewed by the receiver of the snap.  At the end of the viewing time, the snap disappears and the receiving party can no longer view it without use of the Replay feature.  The Replay feature allows a user, once a day, to re-watch a snap received, even though the time limit on the snap may have expired.  Users may use the Replay feature on one snap per day only.

14.     Snapchat users can send text messages to others using the Chat feature.  Once a user leaves the Chat screen, messages viewed by both the sender and the receiver will no longer be visible.  Snapchat, however, does allow users to "save" specific messages, enabling portions of the conversation to be retained.

15.     "Our Stories" is a collection of user-submitted "snaps" from different locations and events.   A Snapchat user, with the location services of their device turned on, can contribute to a collection of snaps regarding the event.  For example, multiple Snapchat users at an event

could each contribute to the same "Our Stories" collection by sharing their snaps, even if they do not know each other.  Users can also view "Our Stories" events, by subscribing to the story, even if they are not actually present at the event.

16.     Snapchat "Our Stories" are collections of Snaps users have submitted to the "Our Stories" feature.  "Our Stories" connected to a specific location may be selected to appear on the "Snap Map."  The "Snap Map" aggregates stories based on geolocation.  It also allows users to share their locations with friends.  If a user is sharing his or her location on the "Snap Map," it is updated every time the Snapchat application is opened.  A user's specific location will be visible on the "Snap Map" for several hours before it is deleted.  General location information may be retained longer, but it is subject to regular deletion.

17.     In addition to "Our Stories," a Snapchat user can keep a photograph/video diary using the "My Story" feature.  Each snap in "My Story" documents the user's experience.  Based on the user's privacy settings, the photographs and videos added to "My Story" can be viewed either by everyone on Snapchat or by the user's friends only for up to twenty-four hours.

18.     Snapchat also allows users to save sent or unsent "snaps" and posted "Stories," photographs, and videos to "Memories," which is Snapchat's cloud-storage service.  A user can also edit and send Snaps as well as create "Stories" from the saved "Memories."  The "Memories" will be saved by Snapchat until deleted by the user.

19.     Snapchat users may create a list of Friends by which they can identify other Snapchat users for the purposes of sending and receiving information.  Users may search for and add Friends by a number of methods, including username, the user's mobile device address book and other methods allowed by the application.

20.     While a Snapchat communication may disappear, the record of who sent it and when still exists.  PROVIDER records and retains information that is roughly analogous to the call detail records maintained by telecommunications companies.  This includes the date, time, sender, and recipient of a Snapchat communication.  Additionally, PROVIDER stores the number of messages exchanged, information concerning which users most communicated with a specific account, and a particular message's status, including if and when the message was opened and whether the receiver used the native screen capture function of his device to take a picture of the snap before it disappeared (screenshot notifications).

21.     PROVIDER asks users to provide basic contact and personal identifying information to include name and date of birth.  When a user creates an account they make a unique Snapchat username.  This is the name visible to other Snapchat users.  Either an e-mail address or a telephone number is required to register a Snapchat account.  If a telephone number is supplied, then it is verified during the registration process.  Snapchat sends an activation code to the telephone number, which must be entered before proceeding with the registration step.  If an e-mail address is supplied, then it is likewise verified.  PROVIDER also retains the account creation date, the Internet Protocol ("IP") address used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.  Based on my training and experience, I know that even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

22.     PROVIDER stores device information such as the model, operating system, operating system version, mobile device phone number, and mobile network information of devices used in conjunction with the service.  They also collect unique device identifiers such as the Media Access Control ("MAC") address and the International Mobile Equipment Identifier ("IMEI") or Mobile Equipment Identifier ("MEID") of devices used to access Snapchat.  In the event the Snapchat user's application crashes, the company also collects a list of other installed applications on the device to detect any potential software conflicts.

23.     In my training and experience, in some cases, account users will communicate directly with an online service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

24.     As explained herein, information stored in connection with a Snapchat account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the investigating officials to establish and prove each offense-element, or, alternatively, to exclude the innocent from further suspicion.  From my training and experience, I know that the information stored in connection with a Snapchat account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, sent and received snaps (and the data associated with the foregoing,

such as date and time) may indicate who used or controlled the account at a relevant time.

Further, information maintained by the online service provider can show how and when the

account was accessed or used.  For example, providers typically log the IP addresses from which

users access the account along with the time and date.  By determining the physical location

associated with the logged IP addresses, investigators can understand the chronological and

geographic context of the account access and use relating to the criminal activity under

investigation.  Additionally, information stored at the user's account may further indicate the

geographic location of the account user at a particular time (*e.g.*, location information integrated

into an image or video uploaded).  Finally, stored electronic data may provide relevant insight

into the account owner's state of mind as it relates to the offense under investigation.  For

example, information in an account may indicate the owner's motive and intent to commit a

crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting

communications in an effort to conceal them from law enforcement).[2]

## REQUEST TO SUBMIT WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

25.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of

Criminal Procedure, permission to communicate information to the Court by telephone in

connection with this Application for a Search Warrant.  I submit that OIA Trial Attorney

Martyna Pospieszalska, an attorney for the United States, is capable of identifying my voice and

telephone number for the Court.

---

[2]  At times, social media providers such as PROVIDER can and do change the details and functionality of
the services they offer.  While the information in this section is true and accurate to the best of my
knowledge and belief, I have not specifically reviewed every detail of PROVIDER's services in
connection with submitting this application for a search warrant.  Instead, I rely upon my training and
experience, and the training and experience of others, to set forth the foregoing description for the Court.

## **CONCLUSION**

26.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on PROVIDER who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

                              Respectfully submitted,


                              /s/ Dayne C. Henriques
                              _____
                              Dayne C. Henriques
                              Supervisory Special Agent
                              Federal Bureau of Investigation


Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on _____.


_____
Robert B. Collings
UNITED STATES MAGISTRATE JUDGE

## Relevant Provision of Poland's Criminal Code

**Article 197**
**Section 1**
Any person, who by force, illegal threat or deceit submits another person to sexual intercourse, he/she will be liable to imprisonment of two to twelve years.